**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BETH GALTON | \| | |
| | \| | |
| Plaintiff, | \| | |
| | \| | |
| v. | \| | CIVIL ACTION NO. |
| | \| | 1:21-CV-00080-WMR |
| ROYAL WAFFLE KING | \| | |
| CORPORATION, | \| | |
| | \| | |
| Defendant. | \| | |

_____

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**
_____

COMES NOW Plaintiff Beth Galton ("Plaintiff" or "Galton") and Defendant Royal Waffle King Corporation ("Defendant" or "Royal Waffle King"), whom hereby submit the following preliminary report and discovery schedule, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure as well as Local Rule 16.2 of the Northern District of Georgia.

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff brings this action against Defendant alleging copyright infringement by Defendant for multiple uses of one of her registered photographs. Defendants

filed their Affirmative Defenses and Answer to the Complaint on March 4, 2021.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>**By the Plaintiff:**</u>

Plaintiff Beth Galton ("Galton") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Galton's original copyrighted photograph. Galton is a prominent food and still life photographer and director who has worked with many of the country's leading advertising agencies, design firms, and major American brands over the past thirty years. Her meticulous and often witty botanical, food and fine art images elevate food and objects to the level of art, and her images tell stories of shared memories, a love of nature, unique ingredients, and the beauty of objects. Galton's professional and fine artwork have won numerous accolades and have been exhibited extensively throughout her career.

Defendant Royal Waffle King Corporation ("RWKC") is, according to its website, "a chain of restaurants providing good food, a pleasant atmosphere, cleanliness and Royal Service – at Reasonable Prices." Galton alleges that RWKC copied Galton's copyrighted photograph (the "Work") from the internet in order to advertise, market and promote its business activities. RWKC committed the

violations alleged in connection with RWKC's business for purposes of advertising and promoting sales to the public in the course and scope of the RWKC's business.

Galton created the Work entitled A_20-94-95_851 as part of a photo shoot for non-party McDonalds. As the work was not a work made for hire, the copyright vested solely in Galton initially, and she never transferred ownership of the Work. Galton registered the Work with the Register of Copyrights on February 19, 2014 and was assigned the registration number VA 1-893-845.

On January 30, 2020, Galton discovered the unauthorized use of her Work on RWKC's Yelp page, on the RWKC menu, as well as the digital menu on the wall at the restaurant. RWKC copied Galton's copyrighted Work without Galton's permission. After RWKC copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its franchise restaurant business. RWKC copied and distributed Galton's copyrighted Work in connection with RWKC's business for purposes of advertising and promoting RWKC's business, and in the course and scope of advertising and selling products and services. Galton never gave RWKC permission or authority to copy, distribute or display the Work at issue in this case.

**By the Defendants:**

Royal Waffle is a small, family-run restaurant business that primarily serves breakfast-style food items, with a few additional lunch options, at a handful of locations mainly within the State of Georgia. Royal Waffle has one website publicly available at www.royalwaffleking.com. Despite having zero in-house or corporate lawyers internally, Royal Waffle is a lawfully registered entity fully authorized to do business within the State of Georgia. Royal Waffle has only one principal place of business, namely at 1459 Field Park Circle, Marietta, Georgia 30066. Royal Waffle has very limited advertising, which is based upon mainly (i) its website and (ii) hard-print menus and signage at its physical locations. It does not have any business social media online accounts or any additional website-based advertising.

On or about July 14, 2020, Royal Waffle received notice from Plaintiff that it claimed to own a federally-registered copyright to a single photograph of a burger (i.e., the Work). Immediately upon receiving said notice, Royal Waffle completed an internal investigation and learned that (i) there was no advertising of the Work on its website; and (ii) the alleged signage at one single location as reflected in Exhibit 2 in the Complaint, [Doc. 1-2 at p. 3], was essentially abandoned as said location or store had been closed already (due to COVID-19 pandemic reasons). Royal Waffle uncovered no current use of any of its direct advertising with regard to the Work or

any substantially similar version of said Work (despite the fact that the burger image is very common and generic-looking in the food and restaurant industry).

Plaintiff also alleges that Royal Waffle has advertised the Work via a third-party website page called Yelp. Upon initial investigation, Royal Waffle does not believe it owned or directed any other authorized person or entity on behalf of Royal Waffle to any website page associated with Yelp, and in fact, as of present date, requested already that Yelp have said Work removed.

Further, Royal Waffle believes that the Work was publicly available and not otherwise owned as a federal copyright by Plaintiff. Royal Waffle also believes the image pre-dates (as early as 2010) the alleged date of creation as identified in the registration at-issue, and that there could be, at the very least, a discrepancy. Back in 2013, Royal Waffle recalls viewing an image of the Work that, at the time, was not registered as a copyright and also reflected no notice of any copyright. Further, Royal Waffle believes that it should not be subject to any applicable statutory damages or attorneys' fees as the allegations of infringement of Royal Waffle precede and pre-date the registration.

Royal Waffle King otherwise disputes all of the factual allegations asserted in the Complaint, and reserves the right to supplement its defenses as discovery gets underway.

**(c) The legal issues to be tried are as follows:**

**By the Plaintiff:**

1.      Whether Defendant reproduced, distributed, displayed, and/or created Plaintiff's Work without authorization;

2.      Whether Defendant realized and continues to realize profits and other benefits rightfully belonging to Plaintiff for the Work;

3.      Whether the conduct by Defendant was willful and performed with knowledge; and

4.      Whether Plaintiff is entitled to recover her attorneys' fees and costs.

**By Defendants:**

1.      Whether Plaintiff has a valid and enforceable copyright in the subject work (i.e., a burger);

2.      Whether Plaintiff is attempting to claim a copyright that lacks originality or can satisfy the idea-expression dichotomy;

3.      Whether Plaintiff's claim is barred upon copyright invalidity as Plaintiff's Copyright Registration should not have been registered, and is otherwise not protectable, valid, or enforceable (*See*, e.g., 17 U.S.C. § 102(b));

4.      Plaintiff seeking copyright protection in a manner that would grant Plaintiff a monopoly over matter that is not protectible by copyright law.

5.	Whether Royal Waffle's use of the accused image is substantially similar to Plaintiff's Work;

6.	Whether Royal Waffle's use of the accused image is or was permissible as fair use under 17 U.S.C. § 107.

7.	Whether Royal Waffle's infringement activity, if any, and if proven, was subject to the innocent infringement statutory level as permitted under 17 U.S.C. § 907.

8.	Whether Plaintiff can overcome the three-year statute of limitations pursuant to 17 U.S.C. § 507(b);

9.	Whether Plaintiff's claim is barred based upon the doctrines of laches and/or equitable estoppel;

10.	Whether Plaintiff should be prohibited from any applicable statutory damages under 17 U.S.C. § 504 based upon the allegations of infringement preceding the date of Plaintiff's registration; and

11.	Whether Royal Waffle is entitled to attorneys' fees and costs under 17 U.S.C. §§ 412, 505.

**(d)	The cases listed below (include both style and action number) are:**

**(1)	Pending Related Cases**

None.

     **(2)**      **Previously Adjudicated Related Cases**

         None.


    **2.**     **This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_ (1)     Unusually large number of parties
\_\_\_\_\_(2)     Unusually large number of claims or defenses
\_\_\_\_\_(3)     Factual issues are exceptionally complex
\_\_\_\_\_(4)     Greater than normal volume of evidence
\_\_x\_\_(5)     Extended discovery period is needed
\_\_\_\_\_(6)     Problems locating or preserving evidence
\_\_\_\_\_(7)     Pending parallel investigations or action by government
\_\_x\_\_(8)     Multiple use of experts
\_\_\_\_\_(9)     Need for discovery outside United States boundaries
\_\_\_\_\_(10)   Existence of highly technical issues and proof
\_\_\_\_\_(11)   Unusually complex discovery of electronically stored information

     The parties do not contend that this case is complex, but because experts could be needed and given the current COVID-19 related pandemic and emergency statewide orders, scheduling deliverables will be needed.


    **3.**     **Counsel:**

    **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff Galton:**

> Joel B. Rothman
> SRIPLAW
>
> Evan A. Andersen
> Evan Andersen Law, LLC

**Defendant Royal Waffle King Corporation:**

> Jonathan D. Goins
> Nicole Holtzapple
> Racquel V. McGee
> Lewis Brisbois Bisgaard & Smith, LLP

**4.      Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes              __X__ No

If "yes" please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.      Parties to This Action:**

**(a)   The following persons are necessary parties who have not been joined:**

Defendant Royal Waffle believes it may have seen the burger image in 2010, which at the time, was not registered federally as a copyright. Additional investigation could be needed to determine what, if any, additional entities or parties were involved during the creation or development of said image.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions misjoinder of parties or errors in the statement of a party's name.**

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15 of the Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

### 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** ***Motions Objecting to Expert Testimony***: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ .P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R .Civ. P. 26(a)(1)(B).

The parties have or will concurrently with the filing of this report file their initial disclosures.

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

None at this time.

**10.     Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated

discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Discovery is necessary on all of the claims and defenses raised in the suit, both directly and indirectly, and on the damages Plaintiff asserts.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The discovery period commences on April 9, 2021.  Counsel for the parties agree that a six-month discovery period is appropriate ending on October 9, 2021.

**11.     Discovery Limitations:**

**(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**(b)     Is any party seeking discovery of electronically stored information?**

_____X_____     Yes          _____     No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Both parties foresee the need to seek production of electronically stored information maintained by either party relating to the claims asserted by Plaintiff in her Complaint and the defenses asserted by Defendant in its Answer.  However, as the parties do not foresee that this matter will require a voluminous amount of electronic discovery, the parties did not identify a need to limit the scope of this production at this time beyond those limits described and provided in the Federal Rules of Civil Procedure.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties do not foresee that this matter will require a voluminous amount of electronic discovery, but agree to produce smaller batches of e-mails and any other digital evidence electronically in .pdf format when possible. Where large amounts (over fifty pages) of digital documents, such as e-mail and other relevant documents are produced, the parties agree to deliver the files in their native format so as to make production and delivery efficient while also maintaining the original state of the files. The parties agree that all efforts to record and maintain metadata in any such electronic files will be made by the parties.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference as discussed in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule

26(c) or under Rule 16(b) and (c)?

None at this time.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below

that they conducted a Rule 26(f) conference that was held on March 26, 2021, and

that they participated in settlement discussions.  Other persons who participated in

the settlement discussions are listed according to party.

For Plaintiff:

Lead counsel:        /s/ Evan A. Andersen_____
Evan A. Andersen

For Defendants Royal Waffle King Corporation:

Lead counsel:        /s/ Jonathan D. Goins_____
Jonathan D. Goins

(b)    All parties were promptly informed of all offers of settlement and

following discussion by all counsel, it appears that there is now:

(__X__) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is
needed.
(_____) No possibility of settlement.

This is an additional ground for requesting a six-month discovery period.

(c)     Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined.

(d)     The following specific problems have created a hindrance to settlement of this case: None.

**14.     Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties do consent to having the case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20__.

(b)  The parties (___X___) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 9th day of April, 2021.

s/ Evan A. Andersen _____
Evan A. Andersen
EVAN ANDERSEN LAW, LLC
Georgia Bar No. 377422

17

3495 Buckhead Loop NE
#260147
Atlanta, GA  30326
404-496-6606 (telephone)
evan@pixeliplaw.com

Joel B. Rothman
SRIPLAW
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561-404-4350 (telephone)
Joel.rothman@sriplaw.com

*Counsel for Plaintiff Galton*

s/ Jonathan D. Goins
Jonathan D. Goins
Nicole Holtzapple
Racquel V. McGee
LEWIS BRISBOIS BISGAARD & SMITH, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, GA 30308
404(348-8585 (telephone)
Jonathan.Goins@lewisbrisbois.com
Nicole.Holtzapple@lewisbrisbois.com
Racquel.McGee@lewisbrisbois.com

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____


IT IS SO ORDERED, this _____ day of _____, 2021.


_____

UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.B

Counsel for Plaintiff Galton hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.C.

This 9th day of April, 2021.

        Respectfully submitted,

        s/ Evan A. Andersen
        Evan A. Andersen
        EVAN ANDERSEN LAW, LLC
        Georgia Bar No. 377422
        3495 Buckhead Loop NE
        #260147
        Atlanta, GA  30326
        404-496-6606 (telephone)
        evan@pixeliplaw.com

        *Counsel for Plaintiff Galton*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the undersigned electronically filed this JOINT

PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court

using the CM/ECF system, which will automatically send email notification of

such filing to the following attorneys of record:

Jonathan D. Goins
Nicole Holtzapple
Racquel V. McGee
LEWIS BRISBOIS BISGAARD & SMITH, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, GA 30308
404(348-8585 (telephone)
Jonathan.Goins@lewisbrisbois.com
Nicole.Holtzapple@lewisbrisbois.com
Racquel.McGee@lewisbrisbois.com

This 9th day of April, 2021.

Respectfully submitted,

s/ Evan A. Andersen
Evan A. Andersen
EVAN ANDERSEN LAW, LLC

*Counsel for Plaintiff Galton*